————o————

No. 3248.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF EUGENE LEDRUT.

ON THE REHEARING.

Where, from the evidence of record and a hearing of the case it appears that the claim of an opponent, in a tableau of distribution, is urged against a particular fund as a privileged creditor and as to which fund no other opponent lays claim:

Held : The case will in the discretion of the Appellate Court and

147

in the interest of justice, be remanded to the lower Court that it may admit such proper evidence as will establish opponent's rank as a privileged creditor to the particular fund in question.

Judgment affirmed in part and case otherwise remanded.

Appeal from Civil District Court, Division B.

B, R. Forman, for Appellant.

Chas. A. Butler, for Appellee.

BEAUREGARD, J. To the tableau of distribution filed in the above named succession L'Hote & Co. filed their opposition claiming to be recognized as privileged creditors to the amount of $356.94 for materials furnished for the repairs made to the drug-store of P. A. Capdau at the corner of Rampart & Canal streets, of which amount $120.36 were collected by the administrator of said succession from the said debtor as a balance of account.

The judgment of the Lower Court on said opposition ordered said tableau of distribution to be so amended as to recognize L'Hote & Co as privileged creditors for the amount of $120.36 and as ordinary creditors for the sum of $236.58-100.

The tableau of distribution had recognized opponents L'Hote & Co., as ordinary creditors for the full amount ($356.94) above stated.

So from this decree, the administrator and several other opponents have appealed.

The contention is that the administrator's classification of L'Hote & Co's claim as that of an ordinary creditor should not have been disturbed because L'Hote & Co. made proof of no privileged claim against the realized funds of the succession and several other grounds are urged as assignment of errors which it is deemed here not determinative of the sole issue urged, i. e. whether L'Hote & Co. have a privileged claim against the funds of the succession. Their Counsel asks for the non-disturbance of the judgment appealed from.

To support their claim, opponents offer one witness only : G. A. Leroy, who says : "All he knew of the matter was from what he saw in the collection book of plaintiff's opponents. That he had no knowledge of what the materials were, or that they were delivered to Mr. Capdau's house; that he saw some of the goods in the wagon."

Added to this is opponent's evidence that the delivery of said materials is substantiated by their dray receipts of which they have possession; but which were not produced and are not of record. And the further alleged fact that opponent's claim had been recognized (verbally or tacitly, this is not very clearly shown and certainly not

148

by any written acknowledgement) by said administrator; but inferentially as is claimed by his collection of the $120.36 from Capdau and the knowledge of its origin. Opponents indeed stand on an opposition which they admit is "not as specific as it could and should have been" and on an insufficiency of evidence which, from a reading of the record, could have been—we understand—and from the arguments at bar so corrected into such a sufficiency of proof as would and could have placed their claim among the privileged debts of the succession, entitling them to the rank they claim but on the face of the record, erroneously so held in the judgment appealed from.

However this may be, the first consideration in the mind of the Court is that opponent's claim to the $120.36 as privileged creditors for that amount is open to proof which is within their power to satisfactorily make, and which sufficiency of proof is not of record.

The second consideration is that that amount of $120.36 was collected directly from Capdau by the administrator, and that as to this special fund no opponent contests plaintiff's direct claim to it.

It would therefore be in the interest of justice to remand this case directing the Lower Court to leave the door open to the production and proof, by any and all evidence, it may deem admissible of the privileged right urged by opponent to the $120.36 herein above referred to.

Wherefore it is ordered and decreed that in so far as the decree of the Court *a qua* ranks opponents as ordinary creditors for the sum of $236.58 is concerned. the same is affirmed. That in so far as said opponents are ranked as privileged creditors for $120.36 the said decree be and it is herein avoided and reversed; and it is now ordered that this case be remanded solely for the purpose that opponent's claim as privileged creditors to the sum of $120.36 be established by such sufficiency of evidence as within the discretion of the Court *a qua* it may deem pertinent and admissible.

March 21st, 1904.

Rehearing refused April 4, 1904.